## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BRANDON STEVEN MOTORS, LLC,**

      **Plaintiff,**

      **v.**                           **Case No. 2:19-CV-02659-JAR-GEB**

**LANDMARK AMERICAN INSURANCE COMPANY,**

      **Defendant.**

### MEMORANDUM AND ORDER

Before the Court is Defendant Landmark American Insurance Company's Motion for Additional Time to Conduct Discovery and to Respond to Plaintiff Brandon Steven Motors, LLC's Motion for Summary Judgment (Doc. 36) under Fed. R. Civ. P. 56(d). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court grants Defendant's motion, and Plaintiff's Motion for Summary Judgment (Doc. 29) is denied without prejudice under Fed. R. Civ. P. 56(d)(1).

## I.     Background

Plaintiff Brandon Steven Motors, LLC ("BSM") purchased a commercial property insurance policy from Defendant Landmark American Insurance Company ("Landmark") for Dealers Open Lot Coverage, with a policy period of August 31, 2018 to August 31, 2019. Under that policy, Landmark agreed to pay for damage to covered automobiles caused by wind and/or hail. BSM alleges that on May 5, 2019, one of its car dealerships located in Wichita, Kansas—Eddy's Chrysler Dodge Jeep Ram—was hit by a storm, causing damage to hundreds of vehicles on the premises. BSM promptly notified Landmark of its claim under the policy.

Landmark's appraiser, Expert Auto Claims, initially estimated BSM's claim at $2,300,949.19, and BSM agreed with that evaluation.  BSM alleges that Landmark has failed to pay that amount owing under the policy without justification, and filed this action on October 25, 2019, bringing claims against Landmark for breach of contract and contractual breach of the duty of good faith and fair dealing.  Landmark contends that during its investigation of the insurance claim, questions arose regarding the existence, nature, and amount of the damages claimed by BSM.  Landmark states that it repeatedly requested that BSM produce documents concerning damage to the vehicles, completed repairs to the vehicles and the cost of those repairs, and the deal jackets for each vehicle BSM claims was damaged, but that BSM filed this lawsuit before producing the requested documents.

On February 14, 2020, United States Magistrate Judge Gwynne E. Birzer entered a scheduling order in this case, initially setting a discovery deadline of August 28, 2020, and a dispositive motion deadline of October 2, 2020.[1]  On February 18, 2020, Landmark issued a subpoena to third-party USA Dent Company LLC ("USA Dent"), the company BSM hired to evaluate the claimed wind and hail damage and to complete repairs, seeking documents relating to damages and repairs to the vehicles covered under the policy.  Landmark and BSM propounded their initial discovery requests in late February and early March 2020, respectively. Then, on April 27, 2020—before either party conducted depositions or responded to the opposing side's initial discovery requests and before Landmark received documents from USA Dent in response to its subpoena—BSM filed a motion for summary judgment seeking partial summary judgment in its favor on the breach of contract claim in the amount of $2,300,949.19, plus pre- and post-judgment interest, fees, and costs.

---

[1] Doc. 21.

On May 12, 2020, Landmark filed a motion for an extension of time to respond to BSM's motion for summary judgment, which the Court construed as a motion under Fed. R. Civ. P. 56(d) and denied without prejudice due to Landmark's failure to make the requisite showing by affidavit or declaration under the rule.[2]  Landmark refiled its Rule 56(d) motion on May 15, 2020, this time supported by counsel's affidavit.

Since the filing of Landmark's Rule 56(d) motion, the parties have been before Judge Birzer on discovery disputes.  On June 1, 2020, Judge Birzer ordered BSM to produce 150 deal jackets to Landmark and both parties to supplement their discovery responses by June 16, 2020.[3] The close of written discovery remains August 28, 2020, but Judge Birzer extended the non-expert deposition discovery deadline to November 20, 2020 and vacated other pretrial deadlines, which will be reset following a status conference on December 10, 2020.[4]

## II.    Standard

Under Fed. R. Civ. P. 56(d), if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, "the court may: (1) defer considering the [summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[5]

The Tenth Circuit does not impose a high burden on a party seeking relief under Rule 56(d).  Instead, the court has made clear that, "[u]nless dilatory or lacking in merit, [a Rule

---

[2] Doc. 35.

[3] Doc. 41.

[4] Doc. 42.

[5] "When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes." 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2740 (3d ed. 2015).  Cases referencing the pre-2010 version of the rule cite subsection (f).

56(d)] motion should be liberally treated."[6]  As such, the Circuit analyzes four so-called "*Gutierrez* factors" for a party trying to secure relief under Rule 56(d): a party "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [him] to obtain those facts and rebut the motion for summary judgment."[7]  "A party may not invoke Rule 56[d] 'by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion.'"[8]

Whether to grant a Rule 56(d) motion is left to the court's discretion, but if the party filing the motion "has been dilatory" or "the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted."[9]

## III.   Discussion

Landmark requests additional time to respond to BSM's motion for summary judgment, arguing that it cannot present facts essential to oppose summary judgment because it has not had an adequate opportunity to conduct discovery.  BSM opposes the extension, arguing that Landmark has failed to justify relief under Rule 56(d) and that, in any event, the information Landmark seeks is irrelevant to BSM's summary judgment motion.

Turning first to the requirements of Rule 56(d), Landmark has submitted an affidavit from its attorney, Michelle Sherman, addressing the *Gutierrez* factors.[10]  This affidavit satisfies

---

[6] *Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (citations omitted).

[7] *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)).

[8] *Garcia v. U.S. Air Force*, 533 F.3d 1171, 1179 (10th Cir. 2008) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007)).

[9] *Jensen*, 998 F.2d at 1554 (citing *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264–65 (10th Cir. 1984)).

[10] Sherman Aff., Doc. 36-1.

the Rule 56(d) requirements as follows.  First, counsel has shown what steps Landmark has taken to obtain certain facts and why those facts are presently unavailable.  This case is in the earliest stages of discovery.  Landmark received BSM's responses to its first interrogatories, requests for production of documents, and requests for admission on April 29, 2020, two days *after* BSM filed its motion for summary judgment.  The parties are now in the process of supplementing their responses to initial discovery requests following Judge Birzer's recent intervention in their discovery disputes.  Landmark also did not receive a response to its February 2020 subpoena to USA Dent until May 12, 2020, when USA Dent produced only fifteen pages of documents on the 425 vehicles at issue.  No party has taken fact or expert witness depositions.  Thus, Landmark has attempted to discover but has not yet had the opportunity to obtain the information it seeks.

Second, counsel for Landmark sets forth in reasonably specific detail the probable facts that can be obtained through further discovery and how additional time will allow Landmark to obtain those facts and rebut BSM's summary judgment motion.  Sherman acknowledges that Landmark already possesses information regarding the observations of its own appraiser regarding the vehicle damage.  However, Sherman states that through additional written and deposition discovery, Landmark will likely discover evidence that the vehicles were not damaged by the May 5, 2019 storm, that BSM never repaired the vehicles, or that the vehicles' valuation was never impaired as a result of the damage.  Landmark contends that discovery may show that certain damages to the vehicles predated the May 5 storm or were man-made.  Sherman states that the existence of these facts is probable based on Expert Auto Claims' observation of discrepancies in the amount and type of damage to each vehicle.

Landmark argues that the facts it seeks to discover will rebut BSM's summary judgment motion because if no repairs were made to a particular vehicle and BSM gave no discount on that

5

vehicle at the time of sale, then BSM sustained no actual loss under the policy.  Judge Birzer has already ordered BSM to produce 150 deal jackets for affected vehicles of Landmark's choosing, which should contain information regarding the sales price, purchase price, any repairs made to the vehicle while it was in BSM's possession and the cost of those repairs, and any disclosures about the vehicle's damage history at the time of sale and any corresponding purchaser discounts.  Sherman anticipates conducting additional written discovery and deposing BSM employees and/or representatives who were involved in the insurance claim submitted to Landmark.  Sherman also intends to depose USA Dent employees and/or representatives who participated in appraising and repairing the damaged vehicles and in BSM's insurance claim. Based on this showing by counsel, the Court finds that Landmark has adequately demonstrated under Rule 56(d) what probable facts Landmark can find through further discovery if provided additional time, and why those facts are presently unavailable despite Landmark's attempts to obtain them.

BSM argues, however, that its motion for summary judgment presents a legal question on which no discovery is required, and that the discovery Landmark seeks is therefore irrelevant. Specifically, BSM argues that: (1) it is entitled to recover the amount initially estimated by Landmark's appraiser for repairs to the vehicles; (2) alternatively, Landmark must pay BSM the "Actual Cash Value" of the loss, which has already been determined; (3) the parties' appraisers have already agreed upon the amount of the loss; and (4) Landmark's assertion of fraud is baseless.  While Landmark contends that the policy may be void due to BSM's concealment or misrepresentation of material facts during the submission of its claim, BSM argues that any affirmative defense based on fraud neither justifies discovery nor precludes summary judgment because Landmark has failed to state with particularity what misrepresentations were made.

On the record before it, the Court is not prepared to find that BSM's motion for summary judgment presents purely legal issues that require no further discovery.  Judge Birzer has already found that the deal jackets—which should show what repairs were made and any purchaser discounts given—are relevant to the parties' dispute.  While BSM contends that Landmark is locked into the amount of its June 2019 estimate, it is not clear to the Court that the record on the binding nature of that estimate is complete.  For example, Landmark argues that its appraiser initially calculated total damages by including in its estimate every vehicle that USA Dent identified as damaged—even those that were suspiciously damaged—and that neither BSM nor USA Dent has since cooperated in its investigation of the claim.

Further, the case BSM cites in its response in support of its "Actual Cash Value" argument does not pertain to a situation in which the insurer argues that the insured may have suffered no loss through *either* repair costs *or* diminution in value of the covered property.  Rather, that case is cited for the proposition that calculation of "Actual Cash Value" does not require the insured to actually repair or replace the damaged property.[11]  Even if BSM's position is correct that whether it sold the vehicles without either repairing them or discounting them to account for damage is irrelevant to whether it suffered a loss under the policy, it is still not clear to the Court that the present record would allow it to determine whether and how the value of the loss has been established.

In addition to the questions set forth above pertaining to binding effect of Landmark's initial evaluation of the damages, the term "Actual Cash Value" is not among the policy's defined terms and appears only under the provision on the "Appraisal" process, which either

---

[11] *See* Doc. 39 at 3 (citing *Ostendorf v. Grange Indem. Ins. Co.*, No. 2:19-CV-1147, 2020 WL 134169, at *6 (S.D. Ohio Jan. 13, 2020) (finding that the calculation of the actual cash value of plaintiff's vehicle was not dependent on whether she actually replaced it), *appeal docketed*, No. 20-3177 (6th Cir. Feb. 14, 2020)).

party may invoke to resolve a disagreement about the amount of the loss.[12]  Yet it appears that

there may be a factual dispute regarding whether either party invoked that provision of the

contract.  Further, as noted by Landmark, the provision of the policy concerning "Payment of

Loss" provides, in part, that:

> The Company at it's [sic] sole option may pay for the loss in
> money or may repair or replace the damaged or stolen unit or part
> thereof but if requested by the Company, the Insured shall replace
> such unit or part thereof or furnish the labor and materials
> necessary for repairs thereto and the Company *shall pay only the*
> *actual cost to the insured*. . . .[13]

Without ultimately passing on the meaning of the above policy terms or the sufficiency of

Landmark's fraud-based affirmative defenses, the Court finds that Landmark has met all of the

requirements to invoke Rule 56(d) and that a more complete record is necessary before the Court

can rule on BSM's summary judgment motion.  "[T]he [C]ourt's first duty under Rule 1 is to

ensure the just determination of every action.  To decide [BSM's] motion for summary judgment

on an insufficient record would betray this duty."[14]  It is therefore in the interest of judicial

efficiency to deny BSM's motion for summary judgment without prejudice under Fed. R. Civ. P.

56(d)(1), subject to refiling after Landmark has had an opportunity to conduct document

discovery and the depositions set forth above.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Landmark's

Motion for Additional Time to Conduct Discovery and to Respond to Plaintiff Brandon Steven

Motors, LLC's Motion for Summary Judgment (Doc. 36) is **granted** under Fed. R. Civ. P. 56(d),

---

[12] Doc. 43-2 at 26.

[13] *Id.* (emphasis added).

[14] *Crumpley v. Assoc. Wholesale Grocers, Inc.*, No. 16-cv-02298-DDC-GLR, 2017 WL 1364839, at *11 (D. Kan. Apr. 13, 2017) (citing *Mid-Am. Pipeline Co. v. Lario Enters., Inc.*, No. 88-5205-S, 1989 WL 35984, at *1 (D. Kan. Mar. 17, 1989)).

and Plaintiff BSM's motion for summary judgment (Doc. 29) is **denied without prejudice** under

Fed. R. Civ. P. 56(d)(1).

      **IT IS SO ORDERED.**

      <u>Dated: June 22, 2020</u>

                         <u>S/ Julie A. Robinson</u>
                         JULIE A. ROBINSON
                         CHIEF UNITED STATES DISTRICT JUDGE