# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDON STEVEN MOTORS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-CV-02659-HLT-GEB |
| LANDMARK AMERICAN INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Brandon Steven Motors, LLC's Motion for Sanctions Against Defendant Landmark American Insurance Company (**ECF No. 94**) and Defendant Landmark American Insurance Company's Motion for Leave to File Surreply in Opposition to Plaintiff Brandon Steven Motors' Reply in Support of its Motion for Sanctions (**ECF No. 131**). During a March 19, 2021 discovery conference the parties agreed and the Court determined Defendant could address any new information from deposition testimony or otherwise at the oral argument without the need for a sur-reply and the Court **FOUND AS MOOT** Defendant's Motion for Leave to File Surreply. After careful consideration of all briefing and hearing arguments from counsel, Plaintiff's Motion for Sanctions Against Defendant Landmark American Insurance Company is **DENIED**.

1

**Background**[1]

Plaintiff Brandon Steven Motors, LLC ("BSM") purchased a Dealers Open Lot Coverage insurance policy from Defendant Landmark American Insurance Company ("Landmark"), with a policy period of August 31, 2018 to August 31, 2019. Under the policy, Landmark agreed to pay for damage to covered automobiles caused by wind and/or hail. BSM alleges on May 5, 2019, one of its car dealerships was hit by a storm, causing damage to hundreds of vehicles on the premises. BSM notified Landmark of its claim under the policy the next day.

Landmark retained Expert Auto Claims as its independent adjuster to assist in the investigation of BSM's claim, including inspection of the vehicles at issue. Landmark sent a reservation of rights letter on July 3, 2019 and began to question the existence, nature, and amount of damages claimed by BSM. In May 2019, Landmark retained counsel and engaged the special investigative unit at G4S Compliance and Investigations ("G4S") to conduct a fraud investigation under counsel's direction. BSM filed this lawsuit in October 2019 alleging breach of contract and breach of the duty of good faith and fair dealing.

This case has been exceedingly contentious from the very beginning. Landmark asserted as affirmative defenses, BSM's failure to cooperate in its investigation, BSM's failure to produce all documents requested in the investigation, and BSM's concealment of material facts and misrepresentation of same in the submission of its claim in an effort to

---

[1] Unless otherwise noted, the information recited in this section is taken from the Amended Complaint (ECF No. 27), Answer to Amended Complaint (ECF No. 28), and Response in Opposition to Plaintiff's motion for sanctions (ECF No. 123). This background information should not be construed as either judicial findings or factual determinations.

defraud Landmark.[2] This distrust among the parties has bogged this case down with numerous discovery disputes. Although the parties have largely avoided motion practice, the undersigned has held eight discovery conferences to keep this case creeping forward. It is the opinion of the undersigned, the parties' inability to set aside their feelings of distrust lead to the current motion for Rule 11 sanctions.

I. **Plaintiff Brandon Steve Motors' Motion for Sanctions Against Defendant Landmark American Insurance Company (ECF No. 94)**

BSM's motion is fully brief. As discussed above, Landmark agreed a sur-reply was not necessary where it could present additional information at oral argument. The Court held oral argument on the motion on March 23, 2021. During oral argument, the Court ordered Landmark to produce any communications with its client, timeslips, and notes related to this case up to the time Landmark engaged counsel for *in camera* inspection no later than April 2, 2021.[3] Landmark produced timely produced the requested information. The motion is now ripe for decision.

A. **Parties' Arguments**

1. **Plaintiff's Position**

BSM alleges Landmark made material misrepresentations to the Court during discovery conferences, as well as in its Memorandum in Support of Objection Appealing the August 12, 2020 Discovery Order (ECF No. 69). The purported misrepresentations relate to when Landmark engaged counsel vis a vis the engagement of fraud investigator,

---

[2] ECF No. 11 at 10-11.
[3] See ECF No. 142.

G4S, and whether Clyde & Co., a law firm with offices around the globe, represented Landmark's excess carrier. Both purported misrepresentations impact arguments made to withhold documents from production. BSM alleges they were knowingly made to "shield potential exculpatory documents and communications with G4S and Clyde & Co. from discovery."[4] BSM seeks Rule 11 sanctions of: 1) reasonable attorney fees and costs; 2) and dismissal of Landmark's fraud affirmative defenses.[5]

### a. Misrepresentation Regarding the Engagement of Counsel to Direct the G4S Investigation

During argument to the Court regarding when the focus of the investigation shifted from being in the ordinary course of business to being in anticipation of litigation and thus protected by the work product doctrine, Landmark's counsel argued their firm was engaged in June 2019,[6] prior to the engagement of G4S, and counsel directed the fraud investigation. But, BSM argues documents produced show G4S was retained no later than May 15, 2019, prior to the retention of counsel,[7] G4S interviewed witnesses on June 6, 2019 and created its initial report by June 7, 2019.[8]

### b. Misrepresentation Concerning Representation of Excess Carrier by Clyde & Co.

In arguments before the Court regarding the application of the common interest doctrine, an exception to waiver under the attorney-client privilege, to protect

---

[4] ECF No. 95 at 2.
[5] *Id.* at 13.
[6] *Id.* at 3.
[7] *Id.* at 2.
[8] *Id.* at 5.

communications between Landmark and Clyde & Co., Landmark's counsel stated Clyde & Co. represented BSM's excess insurer on the May 2019 claim and thus Landmark and Clyde & Co. had a common interest.[9] But, BSM maintains Clyde & Co. never represented BSM's excess insurer on the claim at issue in this matter.[10]

### c. Safe Harbor

BSM initially sent a letter on November 3, 2020 to Landmark, providing evidence of the purported misrepresentations and pursuant to safe harbor provisions asked for a response by November 9, 2020.[11] On November 12, 2020, BSM followed up by providing a draft of its motion for sanctions on the Clyde & Co. issue.[12] And, after discovery of the purported misrepresentations regarding G4S, sent a draft of the amended motion for sanctions on December 3, 2020.[13]

### 2. Defendant's Position

Landmark argues it never made any material misrepresentations to the Court regarding when counsel was retained, counsel's involvement in the investigation by G4S, or regarding Clyde & Co.[14]

---

[9] *Id.* at 7-8.
[10] *Id.* at 7-9.
[11] *Id.* at 9.
[12] *Id.* at 10.
[13] *Id.*
[14] ECF No. 123 at 1-2.

### a. Misrepresentation Regarding the Engagement of Counsel to Direct the G4S Investigation

Landmark argues it, through its agent Dan Durbin, called attorney Wayne Taylor in early May, 2019 seeking legal advice regarding the BSM claim and investigation thereof.[15] Mr. Taylor provided legal advice regarding the investigation of BSM's claim, including the "parameters of the investigation to be conducted by its special investigative unit at G4S."[16] Landmark formally retained Mr. Taylor and his firm on May 21, 2019.[17] Mr. Durbin contacted G4S on May 15, 2019 and on June 5, 2021, when G4S began its investigation.[18]

### b. Misrepresentation Concerning Representation of Excess Carrier by Clyde & Co.

Counsel represented to the Court, at both the August 12, 2020 discovery conference and in its objection to the Court's order from that conference, that Clyde & Co. represented the excess insurer of BSM's vehicles and shared a common interest in investigating the damage to the vehicles and any possible concealment of material facts or misrepresentations of same.[19] Landmark alleges when counsel made those representations, they honestly believed Clyde & Co. represented excess carrier, Starr Insurance, and the "misstatement of fact was unintentional."[20]

---

[15] *Id.* at 2.
[16] *Id.* at 2-3.
[17] *Id.* at 3.
[18] *Id.*
[19] *Id.* at 4.
[20] *Id.*

B. Analysis

1. Safe Harbor

A party seeking Rule 11 sanctions must satisfy the mandatory procedural requirements of the Rule 11(c)(2) safe harbor provision before a court is permitted to order sanctions.[21] The moving party must provide a draft motion for sanctions, separate and apart from any other motion or request, which specifically describes the conduct which allegedly violates the rule.[22] If, after twenty-one days, the opposing party has not withdrawn its challenged claim or contention, the moving party may file its motion for sanctions with the court.[23]

BSM's counsel sent a letter to Landmark's counsel dated November 3, 2020 regarding the purported misrepresentations. On November 12, 2020, BSM's counsel provided Landmark's counsel with an original draft of its motion for sanctions. After discovering additional alleged misrepresentations BSM's counsel sent a follow-up letter to Landmark's counsel dated December 3, 2020, attaching a revised copy of its motion for sanctions. Although Landmark responded to BSM's inquiries, it did not withdraw the challenged representations. The Court finds BSM followed the safe harbor procedure prior to filing its motion for sanctions.

---

[21] *Carman v. CBE Grp., Inc.,* 782 F. Supp. 2d 1223, 1235 (D. Kan. 2011).
[22] *Id.* at 1236.
[23] *Id.*

## 2. Violation of Rule 11

BSM seeks sanctions against Landmark for violations of Rule 11. The clear language of Rule 11 applies to representations to a court in written pleadings signed by counsel or parties.[24] Rule 11 does not apply to discovery or motions brought under Rules 26 or 37.[25] BSM complains about oral statements, made during the May 29, 2020 and August 12, 2020 discovery conferences, on issues informally brought before the Court without the benefit of written, signed pleadings. However, the purported misrepresentations were reiterated in Landmark's written Objection Appealing August 12, 2020 Discovery Order ("Objection")[26] brought under Fed. R.

---

[24] "**(b) Representations to the Court.** By presenting to the court a **pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it**--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."
Fed. R. Civ. P. 11(b) (emphasis added).

[25] "Subdivision (d). Rules 26(g) and 37 establish certification standards and sanctions that apply to discovery disclosures, requests, responses, objections, and motions. It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11. Subdivision (d) has been added to accomplish this result." Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendment. *See also Gym Door Repairs, Inc. v. Young Equipment Sales, Inc.*, 444 F.Supp.3d 484, 486 (S.D.N.Y. 2020) (Rule 11 motion overruled where it was directed to a discovery dispute, failed to provide 21 day safe harbor notice, and improperly combined Rule 11 motion with Rule 37 motion; any of the defects required denial of Rule 11 motion).

[26] ECF No. 68 & 69.

Civ. P. 72(a) and D. Kan. R. 72.1.4. So, the Court will review the statements made therein under Rule 11.

Under Rule 11, the signature of an attorney on a pleading presented in federal court, here Jean-Paul Assouad and Wayne D. Taylor signed the Objection, constitutes a certification the signer has read the pleading and, "'to the best of the signer's knowledge, information and belief, formed after reasonable inquiry' it is (1) not being interposed for any 'improper purpose,' (2) 'well grounded in fact,' and (3) 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.'"[27] Rule 11 provides an attorney is sanctionable for signing a pleading without conducting a "reasonable inquiry" which requires the attorney to "stop, think, and assure himself of the legal and factual basis of a pleading before signing and presenting it to the court."[28] Whether a reasonable inquiry was conducted is determined by an objective standard thus an attorney's "good faith belief in the merit of factual allegations and legal claims is not sufficient to avoid Rule 11 sanctions."[29] The attorney's belief must be "in accord with what a reasonable attorney would believe under the circumstances."[30]

---

[27] *Taylor v. United States*, 151 F.R.D. 389, 392 (D. Kan. 1993) (internal citations omitted).
[28] *Id.* at 392-93.
[29] *Id.*
[30] *Id.*

### a. Reasonable Inquiry

#### i. Misrepresentations Regarding Engagement of Counsel to Direct the G4S Investigation

Landmark consistently asserted it retained Wayne Taylor and his firm and sought legal advice regarding the investigation prior to G4S beginning the fraud investigation.[31] A date certain for when Mr. Taylor and his firm were retained was not given in the discovery conferences, only identifying that counsel was retained in June 2019.[32] In the Objection, Landmark asserts counsel was retained June 5, 2019.[33] In its Response[34] and in the Affidavit of Wayne D. Taylor[35] Landmark and Mr. Taylor assert counsel was retained on May 21, 2019. But during the March 23, 2021 oral argument on the motion for sanctions, counsel stated Mr. Taylor's first timeslip in the matter was on May 13, 2019 and counsel was retained formally on May 19, 2021. Then, when counsel produced the timeslip to the Court for *in camera* review, the timeslip was for May 21, 2021, not May 13, 2021 as stated during oral argument. It appears to the Court, Landmark's counsel in its Objection merely adopted June 5, 2019, the date the G4S investigation began,[36] as the date counsel was retained.

---

[31] ECF No. 47 at p. 25, l. 24-p. 26, l. 3; p. 107, ll. 7-9; ECF No. 58 at p. 54, ll. 18-22; and ECF No. 69 at 10.
[32] ECF No. 58 at p. 54, ll. 19-21; p. 93, ll. 11-17.
[33] ECF No. 69 at 9.
[34] ECF No. 123 at 6.
[35] ECF No. 123-1 at 6.
[36] ECF No. 123-3 at 2.

The Court was inclined to find during oral argument a reasonable inquiry had been made. However, after receipt of the timeslips for *in camera* review and close comparison of the dates Landmark asserted, the Court finds a reasonable inquiry was not made. The date for retention of counsel at oral argument was not the same as what was given in its Response and neither of those dates were the same as what was stated in the Objection. The date of the first timeslip for work on the BSM claim provided for *in camera* review was not the same date for same stated at oral argument.

At an oral argument on a motion for sanctions, counsel should clearly know the facts related to the misrepresentations claimed, and accurately represent them to the Court. The Court expects more of Landmark as this case proceeds. Although the Court believes Landmark contacted counsel by phone seeking legal advice regarding the claim and fraud investigation before it formally retained counsel on May 21, 2021, it finds Landmark violated Rule 11 by failing to make a reasonable inquiry regarding when counsel was retained before including the June 5, 2019 date in its Objection.

### ii. Misrepresentation Concerning Representation of Excess Carrier by Clyde & Co.

In the Objection, Landmark argued the undersigned had erred in ordering the production of communications between Landmark and Clyde & Co. In furtherance of that claim, counsel for Landmark reiterated the assertion made in the August 12, 2020 discovery conference that Clyde & Co. represented the excess insurer of BSM's vehicles. Arguing where Clyde & Co. was assessing possible exposure from BSM's claim, Landmark and Clyde & Co. shared a common interest and the exception to waiver of the attorney-client

privilege should apply.[37] In fact, although Clyde & Co. had a relationship with the excess insurer, Starr Insurance, and had represented them on other claims related to BSM, they did not represent Starr at the time the communications Landmark sought to protect were made.

The Court questioned Landmark extensively at oral argument regarding counsel's inquiry prior to making the misrepresentation at the August 12, 2020 discovery conference which was ultimately included in Landmark's Objection. Where counsel was aware Clyde & Co. had a relationship with Starr Insurance in the past; knew Clyde & Co. had represented Starr in claims with BSM previously; and with the size of the claim at issue, believing the excess carrier might be pulled into the claim; the Court finds a reasonable, competent attorney under these circumstances could have believed Clyde & Co. represented the excess carrier and Rule 11 was not violated. Additionally, where the undersigned found the common interest doctrine would not protect the communications between Landmark and Clyde & Co. and ordered Landmark to produce those communications,[38] the Court finds there was no prejudice to BSM by the misrepresentation made to the Court.

### 3. Imposition of Sanctions

At the outset, the Court will address what it views as the practical implications of an order imposing sanctions and its hesitance to enter one. There are several reasons for this hesitance, but the most important is the concern for how this case would move forward

---

[37] ECF No. 69 at 11.
[38] ECF No. 56.

if sanctions were imposed. As discussed previously, although the parties have largely avoided discovery motion practice, the undersigned has held eight discovery conferences in this matter.[39] The Court also held a hearing on a motion to stay deadlines.[40] The District Judge has decided one early dispositive motion, with a corresponding opposed motion for extension of time conduct to additional discovery,[41] and decided the Objection.[42] Although counsel deny it, this case has devolved into a game of one-upmanship, with counsel keeping score and tattling on the other to the Court.[43] Neither party's hands are completely clean here. The Court believes the imposition of sanctions would only encourage further motions for sanctions and continue to bog down the already protracted discovery phase of this case.

### a. Misrepresentations Regarding Engagement of Counsel to Direct the G4S Investigation

Where the Court finds Landmark violated Rule 11 by failing to make a reasonable inquiry regarding when counsel was retained before including the June 5, 2019 date in its Objection, the Court **may impose** an appropriate sanction.[44] However, sanctions are an extraordinary remedy[45] and a court has wide discretion in selecting an appropriate sanction, if any, to impose.[46]

---

[39] See *supra* at 2-3.
[40] ECF Nos. 70, 73, and 75.
[41] ECF No. 48.
[42] ECF No. 81.
[43] ECF No. 123, n.1 for example.
[44] Fed. R. Civ. P. 11(c)(1) (emphasis added).
[45] *Agjunction, LLC v. Agrian Inc.*, No. 14-cv-2069-DDC, 2015 WL 416440, at *8 (D. Kan. Jan. 30, 2015).
[46] *Id.*

### i. Dismissal of Defendant's Fraud Affirmative Defenses

BSM urges the Court to dismiss Defendant's fraud affirmative defenses. Although both parties set out the five factors the Tenth Circuit[47] has articulated in determining whether dismissal is an appropriate sanction, neither party analyzes the factors. The Tenth Circuit cautions courts to exercise restraint in employing dismissal as a sanction.[48] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.[49]

*Prejudice to BSM*

During oral argument BSM argued the prejudice to it was the time and effort to prepare for and attend the May 29, 2020 and August 12, 2020 discovery conferences as well as the time to prepare the motion for sanctions and appear at the hearing on same. It should be noted neither of the conferences solely dealt with Landmark's discovery deficiencies. The May 29, 2020 conference also dealt with discovery disputes related to BSM's interrogatory responses and its withholding of deal jackets and other documents from production. The August 12, 2020 conference continued to deal with issues related to

---

[47] The non-exhaustive list of factors in determining whether dismissal is an appropriate sanction are:
    (1) the degree of actual prejudice to the defendant;
    (2) the amount of interference with the judicial process;
    (3) the culpability of the litigant;
    (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
    (5) the efficacy of lesser sanctions.
*King v. Fleming*, No. 16-2108-JAR-GLR, 2017 WL 386836, at *7 (D. Kan. Jan. 27, 2017) (citing *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005)).
[48] *King* at *7 (citing *Archibeque v. Atchison, Topeka, & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995)).
[49] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

BSM's production of the deal jackets, the necessity of a protective order specific to the deal jackets, the depositions of BSM's customers, and Landmark's subpoenas to several insurance companies.

Following the May 29, 2020 conference, the Court ordered Landmark to revise its privilege log in accordance with caselaw for this District so it would have sufficient information to make a determination on the work product objections Landmark raised to producing documents related to the investigation after G4S was engaged.[50] After the August 12, 2020 the Court ordered the production of the communications with G4S[51] and later ordered those communications be produced in native format.[52] Where the discovery conferences dealt with a multitude of discovery disputes being made by both parties and where BSM has updated privilege logs and the communications with G4S, the Court finds this factor does not weigh in favor of dismissal.

*Amount of Interference with the Judicial Process*

Although the Court had to consider Landmark's work product doctrine objections to the production of communications with G4S at both discovery conferences, where the Court ultimately believes Landmark retained counsel prior to the engagement of G4S, the misrepresentation regarding the date counsel was retained did not cause any increased interference with the judicial process. The Court finds this factor does not weigh in favor of dismissal.

---

[50] ECF No. 41.
[51] ECF No. 56.
[52] ECF No. 90.

*Culpability of Litigant*

The Court finds no evidence of any involvement of Landmark itself in the argument of counsel regarding the date counsel was retained. The Court finds this factor does not weigh in favor of dismissal.

*Whether the Court Warned Landmark in Advance Dismissal Would be a Likely Sanction*

The Court had not previously warned Landmark dismissal would be a likely sanction of any noncompliance with an order. Nor does it find Landmark has failed to comply with any order. However, in this District, courts have held the service of a copy of the motion for sanctions, which sought dismissal as a sanction, was notice sufficient for the purposes of Rule 11.[53] This factor weighs in favor of dismissal.

*Efficacy of Lesser Sanctions*

If the Court were inclined to sanction Landmark, it believes monetary sanctions would be sufficient to curtail any further misrepresentations to the Court. This factor does not weigh in favor of dismissal.

The factors in aggregate do not weigh in favor of dismissal. A single aggravating factor does not outweigh the judicial system's strong predisposition to resolve cases on their merits. A jury should decide the merits of Landmark's fraud affirmative defenses. The Court finds dismissal of Landmark's fraud affirmative defenses is not an appropriate sanction in this matter.

---

[53] *King v. Fleming*, No. 16-2108-JAR-GLR, 2017 WL 386836, at *7 (D. Kan. Jan. 27, 2017).

### ii. Monetary Sanctions

The Court declines to award monetary sanctions. "[T]he court should not ordinarily have to explain its denial of a motion for sanctions."[54] However, the Court will briefly expound on its reasons for declining to award sanctions. First, as set out above, the Court believes the practical implication of imposing sanctions in this case would be to encourage further motions in the already protracted discovery phase.[55] It is time for this case to move forward. Second, Rule 11 motions should not be made for minor, inconsequential violations.[56] Where the Court ultimately believes Landmark engaged counsel prior to the engagement of G4S, the misrepresentation regarding the exact date counsel was engaged is a "minor, inconsequential violation."

## II. Conclusion

Based on the foregoing and considering the Court's *in camera* review of the documents presented, although Landmark violated Rule 11 by counsel's failure to make a reasonable inquiry regarding when counsel was retained before including the June 5, 2019 date in its Objection, sanctions are not appropriate in this case.

During a March 19, 2021 discovery conference, the Court discussed the need for a sur-reply with the parties. It was agreed Defendant could address any new information from deposition testimony or otherwise at the oral argument, on the record without the need for a sur-reply.

---

[54] Fed. R. Civ. P. 11 Advisory Committee Notes.
[55] See *supra* at 12-13.
[56] Fed. R. Civ. P. 11 Advisory Committee Notes.

**THEREFORE,** Plaintiff's Motion for Sanctions Against Defendant Landmark American Insurance Company **(ECF No. 94)** is **DENIED** and Defendant's Motion for Leave to File Surreply **(ECF No. 131)** is **FOUND AS MOOT.**

Dated July 12, 2021.

                s/ Gwynne E. Birzer
                GWYNNE E. BIRZER
                U.S. Magistrate Judge